## STATE *v.* STRAW & A.

Under chapter 23 of the laws of 1869, allowing respondents in criminal cases to testify in their own behalf, the wife cannot be a witness on the trial of an indictment against her husband.*

INDICTMENT against Eugene Straw, Darwin Wright, and Frank Wright, for an assault alleged to have been committed May 28, 1870. The respondents offered the wife of Eugene Straw to testify where her husband was at the time of the alleged assault; but she was excluded, subject to exception.    Verdict, guilty.    Motion to set aside verdict.    Case reserved.

*Solicitor*, for the State.

*Burke, Bowers,* for the respondent.

LADD, J.    In *State* v. *Moulton,* 48 N. H. 485, it was expressly held that the recent statutes, making the wife a witness for her husband, do not apply in criminal cases.

---

* A different rule is now established by the following statute,—P. L., 1871, chap. 38, sec. 2 : "In any case where the respondent in any criminal prosecution is allowed to testify by law, the wife of such respondent shall be a competent witness."    Sec. 3.    "This act shall apply to all cases now pending, and shall take effect upon its passage."    (Approved July 13, 1871.)

In civil cases, under the provisions of sec. 22 of chap. 209, Gen. Stat., (as amended by P. L., 1869, chap. 29, and P. L., 1870, chap. 20), the wife may testify for or against the husband, and the husband for or against the wife, in any case, when it appears to the court that their examination as witnesses upon the points to which their testimony is offered would not lead to a violation of marital confidence ; and in the trial of any civil suit or proceeding in which a husband or wife is competent, or shall be admitted to testify as witnesses for or against each other on one side of a case, the same right shall exist on the opposite side of the case.    Besides these general provisions, applicable to all cases alike, the husband and wife are by statute (Gen. Stat., chap. 209, secs. 20, 21) made witnesses for or against each other, whether joined as parties or not, in the following cases : 1st. In actions upon insurance policies, so far as relates to the amount and value of the property insured. 2d. In suits against common carriers, so far as relates to the loss, amount, and value of the property in question.    3d. In actions on matter arising before marriage. 4th. In suits for personal injuries to the wife, or for damages to the husband on that account.                    REPORTER.

' The only statute enacted subsequently to that, which can by any pos-
sibility be supposed to affect this case, is the statute permitting respond-
ents to testify in their own behalf.

The statutes of 1857 and 1858, allowing parties to testify in civil
cases, did not render their wives competent witnesses for them. *Kel-
ley* v. *Proctor*, 41 N. H. 139; *Breed* v. *Gove*, 41 N. H. 452.

We consider the construction given to those statutes, in the cases
referred to, decisive to the point that the recent legislation, by which
respondents are made witnesses in their own behalf, does not admit
the wife.   ∘

*Judgment on the verdict.*